MARGARET DeMATTEIS, Appellant, v. VILLAGE OF PEEKSKILL, MAYFLOWER TRANSIT LINES, INC., a Corporation Organized and Existing under the Transportation Corporations Law of the State of New York, MYLE J. HOLLEY, President of the Village of Peekskill, VINCENT J. BARNES and Others, Trustees Constituting the Board of Trustees of the Village of Peekskill, and WILLIAM T. GALLAGHER, Clerk of the Village of Peekskill, Respondents.— Action brought by plaintiff, a taxpayer, pursuant to General Municipal Law, section 51, to obtain an adjudication declaring invalid the consent (Transportation Corporations Law, § 66) of a defendant, village of Peekskill, to the operation of certain bus lines by defendant Mayflower Transit Lines, Inc. Judgment dismissing the complaint, entered upon the decision of an official referee duly appointed to hear and determine, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

JEAN ELDRIDGE, Respondent, v. MIKE's MEAT MARKET, INC., Appellant. WILFRED ELDRIDGE, Respondent, v. MIKE's MEAT MARKET, INC., Appellant.— Concurrent actions by wife and husband for injuries sustained and loss of services respectively as the result of a fall upon a slippery spot on the floor in a store operated by defendant. Judgments of the City Court of Yonkers for plaintiffs reversed on the law and the facts and new trials granted, with costs to abide the event. There was no proof showing actual or constructive notice to defendant of the alleged slippery condition, nor that the defendant created the same. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.